Dean D. STEVENS, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 03–3197.

United States Court of Appeals, Federal Circuit.

Nov. 12, 2003.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Dean D. Stevens petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that sustained the action of the Department of the Air Force ("agency") removing him from his position because he was medically unfit for duty due to untreated alcohol dependence. *Stevens v. Dep't of Air Force,* MSPB Docket No. DE–0752–02–0191–I–3 (Mar. 25, 2003). We *affirm.*

## DISCUSSION

### I.

Mr. Stevens' employment with the agency was terminated on February 19, 2002. At that time, Mr. Stevens was under an indefinite suspension from his position as a production controller (GS–1152–9) at Hill Air Force Base in Utah. As a production controller, Mr. Stevens was responsible for ensuring that aircraft parts in need of repair were (1) correctly identified, (2) repaired in a timely manner, (3) properly repaired, and (4) sent to the location where they were needed. Mr. Stevens was indefinitely suspended on April 30, 2001 after the agency found him to be medically unfit for duty due to untreated alcohol dependence. The sequence of events that led to the suspension began on January 16, 2001, when Mr. Stevens reported for work under the influence of alcohol. The agency removed Mr. Stevens from his position 13

months later after it determined that he remained alcohol dependent.

Mr. Stevens timely appealed his removal to the Board. At the request of the parties, the administrative judge ("AJ") to whom the appeal was assigned incorporated into the record the record from Mr. Stevens' earlier unsuccessful appeal of his indefinite suspension. *See Stevens v. Dep't of Air Force,* MSPB Docket No. 0752–01–0278–I–1 *("Stevens I").* On February 18, 2003, the AJ issued an initial decision based largely upon the record and findings from *Stevens I. Stevens v. Dep't of Air Force,* MSPB Docket No. DE–0752–02–0191–I–3. On that basis, the AJ determined that the agency had established by a preponderance of the evidence that Mr. Stevens was unable to perform the duties of his position due to his alcohol dependence. The AJ also determined that the agency had established that a nexus existed between Mr. Stevens' alcohol dependence and the mission of the agency, since medical inability to perform one's duties necessarily disrupts the efficiency of the service. Accordingly, the AJ sustained the action of the agency removing Mr. Stevens from his position.

The AJ's initial decision became the final decision of the MSPB on March 25, 2003, when Mr. Stevens did not petition the Board for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see*

*Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998).

On appeal, Mr. Stevens argues that the decision of the Board is not supported by substantial evidence. Mr. Stevens criticizes the Board's reliance upon the opinion of Dr. Loren Lewis, the Medical Director for Occupational and Medical Services at Hill Air Force Base. It was the opinion of Dr. Lewis that Mr. Stevens' alcohol dependence posed a risk to his own safety and that of others. Mr. Stevens also contends that, notwithstanding the fact that he was diagnosed as being alcohol dependent, there was no evidence before the Board indicating that his work was deficient. In advancing this argument, Mr. Stevens points to the fact that his performance appraisals for the periods both before and after the incident of January 16th were fully satisfactory.

We are not persuaded by Mr. Stevens' arguments. In finding that Mr. Stevens was alcohol dependent and that his condition posed a risk, the Board credited the opinion of Dr. Lewis. In that regard, it is well-settled that credibility determinations by the Board are virtually unreviewable. *See Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725–26 (Fed.Cir.1998); *Hambsch v. Dep't of Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986). In his September 5, 2001 declaration submitted in *Stevens I,* Dr. Lewis set forth in detail the basis for his opinion. Dr. Lewis' declaration and the material referenced in the declaration fully support the Board's finding that Mr. Stevens was alcohol dependent and that his condition posed a risk to his safety and that of others at Hill Air Force Base.

Finally, there is a very straightforward answer to Mr. Stevens' contention that there is no indication in the record that his work as a production controller was in any way deficient. The answer is that, under

the circumstances of this case, the agency was not required to wait for Mr. Stevens' alcohol dependence to render his work deficient or to result in harm to himself or others. The critical point is that Mr. Stevens was alcohol dependent but refused to undergo treatment. In his declaration, Dr. Lewis stated:

I determined that Mr. Stevens was unfit for duty until he either entered a detoxification program to get the alcohol out of his system (such a program would last a maximum of 5 days) and then enroll[ed] in an alcohol rehabilitation program (I did not require him to complete the program before he returned to work, just be enrolled), or provide[d] an appropriate substance abuse evaluation from a licensed professional, which considered all the facts, and still concluded that he was fit for duty.

Given (i) the fact that Mr. Stevens was diagnosed as being alcohol dependent and that he did not present an evaluation from a licensed professional who considered all the facts and found him fit for duty; and (ii) the fact that Mr. Stevens refused to enter a treatment program (which would have allowed him to remain at work), the agency had no choice but to remove him from his position. Quite simply, given Mr. Stevens' condition and his refusal to be treated, the agency was not required to wait and take the chance that at some point, while under the influence of alcohol, Mr. Stevens would harm himself or others or impede the mission of his organization.

For the foregoing reasons, the final decision of the Board sustaining Mr. Stevens' removal is affirmed.